UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALICIA M. LIGHTFOOT,** | ) | CASE NO. 1:10CV1273 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| **MICHALE J. ASTRUE,** | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 29), the Commissioner's memorandum in opposition (Doc. 30) and plaintiff's reply (Doc. 33). For the reasons discussed below, the motion is **GRANTED**.

I. BACKGROUND

Plaintiff Alicia Lightfoot ("plaintiff" or "Lightfoot") filed this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the administrative denial of her application for supplemental security income. On September 22, 2011, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), reversed the denial of benefits, remanded for further proceedings under sentence four of § 405(g), and directed the ALJ to reconsider the opinion of plaintiff's treating physician in accord with its limiting terms and to articulate good reasons for his treatment of that opinion pursuant to 20 C.F.R. § 416.927(d).

II. DISCUSSION

Plaintiff seeks an award of attorney's fees and expenses incurred in prosecuting the instant action. The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A). The "fees and other expenses" authorized by the EAJA include reasonable attorney's fees and litigation costs. *See* 28 U.S.C. 2412(d)(2)(A). The Supreme Court delineated the elements of the statute:

> Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the statute). The only issue presently in dispute is whether the Commissioner's position was substantially justified.[1] If the Commissioner's original litigation position was substantially justified, then the application for fees must be denied.

The Sixth Circuit has explained:

> A position is substantially justified when it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565, 108 S. Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact[.]" *Id.* The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially

---

[1] The defendant does not dispute that plaintiff was the "prevailing party," that no "special circumstances make an award unjust," and that the fee application was timely. (Doc. 30 at 2.)

2

justified. *See id.* at 569, 108 S. Ct. 2541; *Jankovich v. Bowen,* 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . ..' " *Scarborough,* 541 U.S. at ----, 124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States,* 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (alterations in original).

In this case, the Magistrate Judge observed that although the ALJ's decision was, "for the most part, . . . well-crafted with extensive citation to the medical record, it flounder[ed] when dealing with the opinion of Dr. McNamara, Lighfoot's treating psychiatrist."[2] (Doc. 23 at 9.) The Magistrate Judge concluded:

> the ALJ did not articulate that the written opinion was to be read – and credited – in accord with its limiting terms. If it was to be read and credited as such, it would mean that Lightfoot's treating physician concluded that, without substance abuse, Lightfoot met a listing, or, alternatively, that her substance abuse was not material to the assessment of her impairments. In short, given appropriate controlling weight and read exactly under its terms, this opinion would have required a finding of disability. To the extent that the ALJ apparently did not read Dr. McNamara's opinion in conformity with its own terms . . . then conformity with the treating physician rule and articulation requirements would necessarily require additional explanation and articulation concerning how this opinion was being read and weighed.

(Doc. 23 at 10.)

The Commissioner objected to the R&R on the grounds that the ALJ's evaluation of Dr. McNamara's opinion was proper and supported by substantial evidence in the record. Further, the Commissioner objected that the form containing Dr. McNamara's opinion was ambiguous, insufficient, inadequate, and confusing. (Doc. 24.)

---

[2] Plaintiff argued other grounds for error; however, because the Magistrate Judge recommended remand for reconsideration and proper articulation of Dr. McNamara's report, he declined to rule on these grounds and suggested that they could be revisited on remand. Plaintiff filed objections to this conclusion, which the Court overruled as untimely.

3

The Court overruled these objections, finding that the ALJ's treatment of Dr. McNamara's opinion – as that of Lightfoot's condition with substance abuse – was not supported by objective medical evidence and was directly contradictory to Dr. McNamara's actual opinion. Therefore, the Court concluded:

> he was required to determine how much weight to give to the opinion[] by using "a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors." *Martin v. Comm'r of Soc. Sec. Admin.*, 170 F. App'x 369, 372 (6th Cir. 2006) (citing Soc. Sec. R. 96-2p, 1996 SSR LEXIS 9 at *5 (1996); 20 C.F.R. § 416.927(d)(2)). Here, the ALJ's opinion is clearly deficient, as it fails to apply the factors established by the regulations due to his misunderstanding of the treating source's opinion.
>
> The ALJ's failure to mention, consider, and weigh the opinion of a treating source is reversible error. *See, Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2010). Here, the ALJ's analysis is completely devoid of any good reason for failing to properly evaluate and consider Dr. McNamara's opinion, which was critical to his evaluation of whether Lightfoot's drug use/abuse was material to her disability and what limitations would remain if she ceased substance abuse. This was not harmless error; the error that occurred prevents "meaningful review" by this Court, thus necessitating a reversal and remand to correct the error. *See, Wilson*, 378 F.3d at 544.

(Doc. 27 at 13-14.) Further, the Court noted that, pursuant to the Commissioner's own regulations, if the ALJ was in fact confused as to whether Dr. McNamara's opinion reflected Lightfoot's abilities with or without substance abuse, then the ALJ was obligated to seek clarification from Dr. McNamara to resolve any ambiguities. (Doc. 27 at 13, citing 20 C.F.R. § 416.912(e)(1)).

The Commissioner argues that in light of the Magistrate Judge's characterization of the ALJ's opinion as otherwise "well crafted," the uncertainty of the medical opinion, and the fact that the ALJ mistook that opinion, its "overall" position was at least reasonable. Acknowledging that the ALJ failed to articulate properly his rejection of the literal meaning of

Dr. McNamara's opinion, the Commissioner characterizes the Court's reversal and remand as due to an "error of fact" and that there was a reasonable basis for arguing that plaintiff was not disabled.

The Commissioner, however, must also demonstrate that its litigation position was legally reasonable, which it has not done. The remand in this case rests not only on the ALJ's factual error but also on his *legal* error in failing to articulate properly how Dr. McNamara's opinion was being read and weighed. This constituted a violation of the Commissioner's regulations requiring the assignment of weight to the opinions of treating sources and a statement of "good reasons" for the weight assigned. The position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's own regulations. *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010) (failure to follow regulations on the treating physician rule); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08-cv-622, 2010 WL 1882270, at *2 (S.D. Ohio Apr. 13, 2010) (R&R later adopted by the district court stated that failure to follow regulations requiring good reasons in assigning weight to the opinions of treating sources).

Further, as stated in the Court's opinion adopting the R&R, the ALJ's reading of Dr. McNamara's opinion was not supported by objective medical evidence, and instead was based on the plaintiff's statements with regard to past events and his own speculation that plaintiff's drug or alcohol use was responsible for the limitations reported by Dr. McNamara. The record references relied on by the ALJ constitute selective consideration of the evidence that overlooks the reality that, when read in accord with its own terms, Dr. McNamara's opinion reflected plaintiff's abilities without substance abuse as a factor and/or a factor immaterial to the evaluation and supported a disability finding. The Commissioner's decision to defend this

5

selective consideration of the evidence in denying benefits was not substantially justified. *See Howard*, 376 F.3d at 554 (decision to defend ALJ's selective consideration of the evidence in denying benefits was without substantial justification); *Wills v. Comm'r of Soc. Sec.,* No. 1:10-cv-201, 2011 WL 7052796, at *3 (E.D. Tenn. July 5, 2011) (ALJ failed to resolve conflict in evidence and to consider relevant, material evidence that remained upon rejection of treating physician's opinion); *Carlisle v. Barnhart*, No. 3:05CV0238, 2008 WL 420032, at *2 (S.D. Ohio Feb. 14, 2008) (ALJ selectively considered medical evidence when evaluating treating physicians' opinions and substituted his own lay opinion).

In light of the foregoing, the Court concludes that the Commissioner's position was not substantially justified and grants plaintiff's EAJA application.

The Commissioner does not contest the amount of fees sought by plaintiff's application—$4,592.00 in fees. The Court has reviewed the exhibits submitted in support of the fee request and finds the amount requested reasonable, including the hourly rates, which are slightly in excess of the rate permitted by statute, but which reflect a reasonable cost of living increase. The Court therefore awards fees in the amount of $4,592.00.

### III. CONCLUSION

For the reasons set forth above, plaintiff's application for an award of attorney fees under the Equal Access to Justice Act is **GRANTED** and judgment will be entered in favor of the plaintiff in the amount of $4,592.00

**IT IS SO ORDERED**.

Dated: March 31, 2012

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**